IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES M. SCHMIDT, ROBERT M. SCHMIDT<br><br>Plaintiffs,<br><br>v.<br><br>JP MORGAN CHASE BANK, N.A., CALIFORNIA RECONVEYANCE COMPANY,<br><br>Defendants. | Case No.: C-12-5677 JSC<br><br>**ORDER GRANTING PLAINTIFFS' APPLICATIONS TO PROCEED *IN FORMA PAUPERIS* (Dkt. Nos. 2, 3) AND RECOMMENDING THAT PLAINTIFFS' COMPLAINT BE DISMISSED** |

Plaintiffs, proceeding pro se, filed this action alleging that Defendants lack "standing" to foreclose on Plaintiffs' home because Defendants do not possess the promissory note on the underlying home loan. (Dkt. No. 1.) Plaintiffs filed applications to proceed *in forma pauperi*s ("IFP") with their Complaint. (Dkt. Nos. 2, 3.) The Court has reviewed the IFP applications and finds that Plaintiffs are indigent. Therefore, the IFP applications are GRANTED.

Under 28 U.S.C. § 1915, the Court has a continuing duty to dismiss any case in which a party seeks leave to proceed *in forma pauperis* if the Court determines that the action is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief

against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). In addition, federal courts are under a duty to raise and decide issues of subject matter jurisdiction *sua sponte* at any time it appears subject matter jurisdiction may be lacking. Fed. R. Civ. P. 12(h)(3); *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983). If the Court determines that subject matter jurisdiction is lacking, the Court must dismiss the case. *Id.*

Because the Court determines it does not have subject matter jurisdiction, the Court RECOMMENDS that the Complaint be DISMISSED.

## ALLEGATIONS OF THE COMPLAINT

In October of 2007, Plaintiffs entered into a loan transaction with Washington Mutual Bank, whose predecessor in interest is JP Morgan Chase Bank ("JP Morgan"). Subsequently, JP Morgan and California Reconveyance Company ("CRC"), the Trustee, have initiated foreclosure proceedings against Plaintiffs. The Complaint alleges, however, that these foreclosure proceedings are unlawful because JP Morgan and CRC have failed to produce evidence that they possess the underlying promissory note. Plaintiffs contend the Court should terminate the foreclosure and cancel the deed of trust. Plaintiffs' Complaint includes three claims: 1) declaratory relief; 2) injunctive relief; and 3) "Cancelation of Instrument/Foreclosure/Quiet Title." (Dkt. No. 1, 6.)

Plaintiffs seek damages in excess of $1,000,000 and assert that diversity jurisdiction exists in this case.

## DISCUSSION

The federal diversity jurisdiction statute provides that the "district courts . . . have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000" and where all parties to the action are "citizens of different states." 28 U.S.C. § 1332(a). Courts are to "[s]trictly construe the removal statute against removal jurisdiction" such that "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

Plaintiffs are citizens of California. (Dkt. No. 1 ¶ 7.) Although Plaintiffs allege that CRC is a Delaware corporation, CRC is in fact a California corporation and a citizen of California. *See*

*Mansour v. JPMorgan Chase Bank*, 2012 WL 5289678 *2 (C.D. Cal. Oct. 25, 2012).[1] Because complete diversity does not exist, the case must be dismissed.[2]

### CONCLUSION

For the reasons stated, the undersigned RECOMMENDS that Plaintiffs' Complaint be DISMISSED. Plaintiffs' applications to proceed *in forma pauperis* are GRANTED. As Plaintiffs have neither consented to nor declined the undersigned magistrate judge's jurisdiction, the Clerk of the Court is ordered to reassign this action to a district court judge. Plaintiffs may file objections to this report and recommendation with the district court judge within fourteen days after being served with a copy. *See* 28 U.S.C. §636(b)(1)(B); Fed. R. Civ. P. 72(b); Civil L.R. 72-3. Failure to file objections within the specified time may waive the right to appeal the district court's ultimate Order.

The Court directs Plaintiffs' attention to the Handbook for Pro Se Litigants, which is available along with further information for the parties on the Court's website located at http://cand.uscourts.gov/proselitigants. Plaintiff may also contact the Legal Help Center, 450 Golden Gate Avenue, 15th Floor, Room 2796, Telephone No. (415) 782-9000 extension 8657, for assistance.

IT IS SO ORDERED.

Dated: January 11, 2013

_____
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE

---

[1] A search on the California Secretary of State's website reveals that CRC is California corporation. In addition, a search on the Delaware Division of Corporation's website shows no entry for CRC.

[2] District courts also have federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Here, no federal question appears from the face of the Complaint.