**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES M. SCHMIDT and ROBERT M. SCHMIDT,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>JP MORGAN CHASE BANK, N.A., CALIFORNIA RECONVEYANCE COMPANY,<br><br>　　　　Defendants. | No. C 12-05677 JSW<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION OF DISMISSAL WITHOUT PREJUDICE** |

　　　　On November 5, 2012, Plaintiffs filed applications to proceed *in forma pauperis* and a Complaint. On January 11, 2013, Magistrate Judge Jaqueline Scott Corley, to whom the case originally was assigned, issued a Report and Recommendation in which she recommended that: (1) the Court grant Plaintiffs' applications to proceed *in forma pauperis*; and (2) dismiss the Complaint because Plaintiffs had not sufficiently alleged that there was a basis for federal jurisdiction. Judge Corley noted that Plaintiffs' complaint only set forth state law causes of action and failed to establish complete diversity of parties. The Court has received no objections and the time for filing objections has passed.

　　　　The Court has considered Magistrate Judge Corley's Report and Recommendation and concludes that Report is well-reasoned. Therefore, for the reasons articulated by Judge Corley's and for the additional reasons set forth herein, the Court adopts Judge Corley's Report and Recommendation.

Although the Court GRANTS Plaintiffs' request to proceed *in forma pauperis*, as Judge Corley noted, the *in forma pauperis* statute provides that the Court shall dismiss the case if, *inter alia*, the Complaint fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). Federal courts are under a duty to raise and decide issues of subject matter jurisdiction *sua sponte* at any time it appears subject matter jurisdiction may be lacking. Fed. R. Civ. P. 12; *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983). If the Court determines that subject matter jurisdiction is lacking, the Court must dismiss the case. *Id.*; Fed. R. Civ. P. 12(h)(3).

Federal courts are courts of limited jurisdiction. *See, e.g., Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Federal courts can only adjudicate cases which the Constitution or Congress authorize them to adjudicate: those cases involving diversity of citizenship (where the parties are from diverse states), or a federal question, or those cases to which the United States is a party. *See, e.g., Kokkonen v. Guardian Life Insurance Co. of America*, 511 U.S. 375 (1994). Federal courts are presumptively without jurisdiction over civil cases and the burden of establishing the contrary rests upon the party asserting jurisdiction. *Id.* at 377. It is undisputed that the United States is not a party to this case. It is evident from the Complaint that Plaintiffs are residents of California. Although Plaintiffs allege that California Reconveyance Company is a Delaware corporation, it is, in fact a California corporation and ac citizen of California. Thus, complete diversity does not exist.

However, because the Court cannot say there is no legal theory upon which Plaintiffs could assert a basis for federal jurisdiction, it shall give the Plaintiffs one further opportunity to file an amended complaint that sets forth a viable basis for federal jurisdiction. Plaintiffs shall file an amended complaint by no later than March 8, 2013. If Plaintiffs fail to file an amended complaint by that date, the Court shall dismiss this case without prejudice.

The Court HEREBY ADVISES Plaintiffs that a Handbook for Pro Se Litigants, which is available through the Court's website or in the Clerk's office, contains helpful information about proceeding without an attorney. The Court also advises Plaintiffs that they also may wish to seek assistance from the Legal Help Center. Plaintiffs may call the Legal Help Center at

415-782-9000, extension 8657, or sign up on the 15th Floor of the Courthouse, Room 2796, for a free appointment with an attorney who may be able to provide basic legal help, but not legal representation.

**IT IS SO ORDERED.**

Dated: February 13, 2013



JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES M. SCHMIDT ET.AL. et al,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>JP MORGAN CHASE BANK, N.A. ET.AL. et al,<br><br>　　　　Defendant. | Case Number: CV12-05677 JSW<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on February 13, 2013, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

James M. Schmidt
Robert M. Schmidt
2260 Maximilian Drive
Campbell, CA 95008

Dated: February 13, 2013

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk